UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21142-Civ-SCOLA/TORRES

EL DORADO FURNITURE CORP.,

    Plaintiff,

v.

JUNIOR A. TEJADA,

    Defendant.

_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO VACATE FINAL DEFAULT JUDGMENT

This matter is before the Court on Junior A. Tejada's ("Defendant") motion to vacate the Court's entry of final default judgment. [D.E. 43]. El Dorado Furniture Corp. ("Plaintiff") filed its response on December 17, 2020 [D.E. 45], to which no reply was filed and the time to do so has now passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion and the record presented, Defendant's motion to vacate final default judgment should be DENIED.[1]

## I.   BACKGROUND

On June 30, 2020, the Court entered an amended final default judgment in favor of Plaintiff and against Defendant in the amount of $10,858.55 after Defendant

---

[1] On December 28, 2020, the Honorable Robert N. Scola, Jr. referred Defendant's motion to the Undersigned for disposition. [D.E. 46].

1

did not appear in the action. [D.E. 28]. The Court also permanently enjoined Defendant from further use of the name "El Doradito Furniture" because it was confusingly similar to Plaintiff's ownership of "El Dorado Furniture." [D.E. 23]. Despite several notices, Defendant made his first appearance in this action when he submitted a letter to the Court on November 10, 2020. [D.E. 34]. Because Defendant was acting pro se at the time, the Court treated the letter as a motion to vacate the default judgment. [D.E. 36]. The Court denied the motion without prejudice and provided detailed instructions on how to refile the motion pursuant to Federal Rule of Civil Procedure 60(b). Id. The Court further ordered that, after conferring with Plaintiff's counsel, such new motion had to be filed by November 26, 2020. Id.

## II. ANALYSIS

Defendant's motion could be denied without even without reaching its merits because Defendant, now represented by counsel, has blatantly violated the Court's order. First, the motion was filed on December 8, 2020, almost two weeks after the Court's deadline to file. Defendant's counsel did not seek leave to file the untimely motion nor did he provide any excuse as to why the motion was untimely filed. Second, Defendant's counsel failed to confer with opposing counsel prior to filing the motion in violation of both the Court's order and Local Rule 7.1. Defendant had the opportunity to address these glaring violations but forgo his opportunity by not filing any reply. These violations alone justify denying Defendant's motion as the Court's

order warned Defendant "that if he ignores any further orders of the Court he will do so at his peril. All parties, including pro se parties, are required to comply with the Court's orders." [D.E. 36]. Regardless, Defendant's motion is also inadequate under Rule 60(b).

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a default judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying from the operation of the judgment. To set aside a default judgment for mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome, (2) granting the motion would not prejudice the opposing party, and (3) good reason existed for failure to respond to the complaint. Davila v. Alcami Group, Inc., 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013). The moving party must establish a meritorious defense "by a clear and definite recitation of facts." Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987). "A general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." S.E.C. v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986).

Here, Defendant contends any failure to respond to the complaint was a result of excusable neglect.[2] Defendant specifically argues that he believed that the parties had settled the dispute to avoid further litigation, so that is why he ignored the action until funds in his bank account were garnished. According to Defendant, he believed a settlement existed because he registered the fictious name "El Dolarito," and this was communicated to Plaintiff a little over a month later and after the default judgment was entered. To support this belief, Defendant provides text messages between Defendant and Plaintiff's counsel. Defendant further argues he thought the case was settled because he later registered the fictitious name "El Dollar Furniture" on September 4, 2020 after Plaintiff's counsel told him "El Dolarito" was unacceptable and too like Plaintiff's name of "El Dorado."

Besides Defendant's failure to address the first two elements of establishing excusable neglect, Defendant's argument that he had a good reason to ignore the complaint because the parties settled the issue lacks merit. In our review of the text messages between the parties, all that is there is a text from Plaintiff's lawyer on June 4, 2020 asking Defendant to confirm if he has stopped using "EL Doradito." In response, Defendant texted a screen shot that the fictious business name of "El Dolarito" had been registered. This text exchange thus does not show the parties

---

[2] Defendant also notes that the default judgment should be vacated because the judgment is void but fails to articulate any argument to support this theory. And even if we ignored the burden being on Defendant and his lack of reply to Plaintiff's arguments, the argument would fail because there is no evidence the parties settled.

4

had settled the issue. Plaintiff's counsel sent Defendant not further texts, so Defendant had no reason to believe his apparent use of "El Dolardito" was acceptable to Plaintiff, that the case was settled, nor that Plaintiff was not going to enforce the default judgment against him.

To that point, these texts were exchanged about a week after the final default judgment against Defendant had been entered. Logically, the text message from Plaintiff's counsel was thus more likely a confirmation that Defendant was complying with the default judgement, not an offer to settle. And this logical assumption is confirmed by a June 15, 2020 letter sent from Plaintiff's counsel to Defendant demanding compliance with the final default judgment and that the use of "El Dorarito" was still confusingly similar to Plaintiff's "El Dorado" mark. Finally, even though Defendant apparently changed his business name again to "El Dollar Furniture" after receiving the June 2020 letter, this additional name change was never communicated to Plaintiff and thus obviously never agreed upon.

As a result, Defendant has not shown any reason to vacate the default judgment under Rule 60(b). For this reason and because he violated the Court's order [D.E. 36] when represented by counsel, Defendant's motion should be DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to vacate the final default judgment [D.E. 43] should be DENIED.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have

fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; see, e.g., Patton v. Rowell, 2017 WL 443634 (11th Cir. Feb. 2, 2017); Cooley v. Comm'r of Soc. Sec., 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

DONE AND SUBMITTED in Chambers at Miami, Florida this 26th day of February, 2021.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge