United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| El Dorado Furniture Corporation, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-21142-Civ-Scola |
| | ) | |
| Junior A. Tejeda, Defendant. | ) | |

### Order Adopting Magistrate Judge's Report and Recommendation

On June 30, 2020, the Court entered an amended final default judgment in favor of Plaintiff El Dorado Furniture Corp., and against Defendant Junior A. Tejeda, after the Defendant failed to appear in this action (ECF No. 28.) The Court also enjoined Tejeda from further use of the name "El Doradito Furniture" because it was confusingly similar to Plaintiff's mark "El Dorado Furniture." (ECF No. 28.) Tejeda appeared in this case and moved to vacate the Court's entry of final default judgment. (ECF No. 43.) Tejeda's motion was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation. (ECF No. 46.) Judge Torres issued a report and recommendation, recommending that the Court deny the motion. (ECF No. 47.) No objections were filed by either party or were extensions filed to do so.

The Court has considered—*de novo*—Judge Torres's Report, the record, and the relevant legal authorities. The Court finds Judge Torres's report and recommendation cogent and compelling. As Judge Torres explained, Tejeda's motion should be denied on two grounds: first, Tejeda violated the Court's order requiring him to file the subject motion by a date certain. The motion was eventually filed two weeks after the court-ordered date and Tejeda did not move for an extension of time.

The motion should also be denied on its merits. Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a default judgment for various reasons, including excusable neglect. To set aside a default judgment for mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome, (2) granting the motion would not prejudice the opposing party, and (3) good reason existed for failure to respond to the complaint. *Davila v. Alcami Group, Inc.*, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013). Here, Tejeda has not made such a showing. In support of his motion, Tejeda argues that he did not respond to the complaint because he was under the impression the parties had settled their disputes via text messages between Tejeda and Plaintiff's counsel.

(ECF No. 43-1.) As Judge Torres found, the text messages at issue do not show a settlement was reached and were exchanged *after* the Court entered the default judgment against Tejeda. Thus, Tejeda has failed to show excusable neglect.

Accordingly, the Court **affirms and adopts** Judge Torres's report and recommendation. **(ECF No. 47.)** The Court **denies** the Tejeda's motion to vacate default judgment. **(ECF No. 43.)** This case shall remain **closed**.

**Done and ordered**, in chambers at Miami, Florida, on March 23, 2021.

Robert N. Scola, Jr.
United States District Judge